**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024,<br><br>*Plaintiff*,<br>v.<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue, NW<br>Washington, DC 20224,<br><br>and<br><br>U.S. DEPARTMENT OF HEALTH<br>& HUMAN SERVICES<br>200 Independence Avenue, SW<br>Washington, DC 20201,<br><br>*Defendants*. | ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants Internal Revenue Service and U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant Internal Revenue Service is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. Defendant Internal Revenue Service has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Department of Health and Human Services in an agency of the U.S. Government and is headquartered at 200 Independence Avenue, SW, Washington D.C. 20201. Defendant U.S. Department of Health and Human Services has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On November 15, 2016, Plaintiff submitted a FOIA request to Defendant Internal Revenue Service seeking access to the following records:

1) Any and all records concerning, regarding, or relating to IRS efforts to reach out to individuals who either claimed an exemption or paid a penalty for failing to purchase mandatory health insurance under the Patient Protection and Affordable Care Act. Such records include, but are not limited to, communications, policies, and procedures pursuant to such efforts;

2) Samples of any letters, notices or other materials prepared and/or sent to taxpayers encouraging the purchase of mandatory health insurance;

3) Any and all records concerning, regarding, or relating to cooperation between IRS and the Department of Health and Human Services or any other government entity, whether state or federal, regarding efforts to reach out to individuals who have not purchased mandatory health insurance. Such records, include, but are not limited to, communications, agreements, memoranda of understanding, and any other inter-agency communications. Of special interest are any such records regarding the sharing of protected taxpayer information.

Please note that this request is not seeking private taxpayer information but records of communications, policies, and procedures related to the above-referenced outreach and samples of materials prepared to send to taxpayers as a result.

7. According to U.S. Postal Service records, the request was delivered to Defendant Internal Revenue Service on November 18, 2016.

8. By letter dated December 19, 2016, Defendant Internal Revenue Service acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned Case Number F17326-0113. Defendant further advised that it would need the additional ten-day statutory extension and thereby extended its response date to January 5, 2017. By the same letter, Defendant Internal Revenue Service stated that it would not be able to locate and consider release of the requested records by the January 5, 2017 deadline and requested an extension until April 5, 2017 to provide a final response. Plaintiff has received no further communications from Defendant Internal Revenue Service concerning the status of Defendant's response to Plaintiff's FOIA request.

9. On November 15, 2016, Plaintiff submitted a FOIA request to Defendant U.S. Department of Health and Human Services seeking access to the following records:

1) Any and all records concerning, regarding, or relating to HHS efforts to reach out to individuals who either claimed an exemption or paid a penalty for failing to purchase mandatory health insurance under the Patient Protection and Affordable Care Act. Such records include, but are not limited to, communications, policies, and procedures pursuant to such efforts;

2) Any letters, notices or other materials prepared and/or sent to individuals encouraging

the purchase of mandatory health insurance;

3) Any and all records concerning, regarding, or relating to cooperation between HHS and the Internal Revenue Service or any other government entity, state or federal, regarding efforts to reach out to individuals who have not purchased mandatory health insurance. Such records, include, but are not limited to, communications, agreements, memoranda of understanding, and other inter-agency communications.

10. By e-mail dated December 12, 2016, Defendant U.S. Department of Health and Human Services acknowledged receipt of Plaintiff's FOIA request on November 30, 2016 and advised Plaintiff that the request had been assigned case number 2017-00153-FOIA-OS. Defendant U.S. Department of Health and Human Services advised that Plaintiff would receive a final response from the Centers for Medicare and Medicaid Services ("CMS"). Plaintiff has received no further communications from Defendant U.S. Department of Health and Human Service concerning the status of Defendant's response to Plaintiff's FOIA request.

11. As of the date of this Complaint, Defendants Internal Revenue Service and U.S. Department of Health and Human Services have failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

14. To trigger FOIA's administrative exhaustion requirement, Defendants Internal Revenue Service and U.S. Department of Health and Human Services were required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request. Specifically, Defendant Internal Revenue Service was required to determine whether to comply with Plaintiff's request by or about January 5, 2017 and Defendant U.S. Department of Health was required to determine whether to comply with Plaintiff's request by or about December 29, 2016. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

15. Because Defendants Internal Revenue Service and U.S. Department of Health and Human Services failed to determine whether to comply with Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants Internal Revenue Services and U.S. Department of Health and Human Services to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants Internal Revenue Services and U.S. Department of Health and Human Services to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld

under claim of exemption; (3) enjoin Defendants Internal Revenue Services and U.S. Department of Health and Human Services from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 6, 2017

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ *Ramona R. Cotca*

Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172
rcotca@judicialwatch.org

*Counsel for Plaintiff*